

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 11, 2018

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
New York, New York 10007

      Re:    *United States* v. *Avinoam Luzon*, 17 Cr. 599 (LAK)

Dear Judge Kaplan:

      The Government respectfully submits this letter in opposition to the defendant's request to continue his bail conditions following the Court's anticipated acceptance of his November 28, 2017 guilty plea to Count One of the above-referenced information at this afternoon's conference (the "Motion"). Because the defendant has failed to show "exceptional reasons" to justify release pending sentencing, he should be remanded pursuant to 18 U.S.C. § 3143.

      **A.  Applicable Law**

      Absent the "substantial likelihood" of a meritorious motion for acquittal or a recommendation from an attorney for the Government that no sentence of imprisonment be imposed, "[t]he judicial officer *shall order* that a person who has been found guilty of an offense in a case described in subparagraph . . . (f)(1) of section 3142 and is awaiting imposition or execution of sentenced *be detained* . . . ." 18 U.S.C. § 3143(a)(2) (emphasis added) ("Section 3142(a)(2)"). A conviction for distributing narcotics in violation of 21 U.S.C. § 841(b)(1)(C) is a qualifying predicate offense because the maximum term of imprisonment is ten years or more under the Controlled Substances Act.  18 U.S.C. § 3142(f)(1).

      The mandatory remand provision under Section 3142(a)(2) may be challenged, however, if the defendant can establish, by clear and convincing evidence, that he is neither likely to flee nor pose a danger to the safety of the community, and "there are exceptional reasons why [the defendant's] detention would not be appropriate." 18 U.S.C. §§ 3143(a)(2)(A)(i)-(ii) and (B); 18 U.S.C. § 3145(c); *see United States* v. *Lippold*, 175 F.Supp.2d 537, 540 (S.D.N.Y. 2001).

      The Second Circuit has defined exceptional reasons as "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States* v. *Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (quoting *United States* v. *DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991)). The Second Circuit has noted that "purely personal" circumstances do not typically constitute exceptional reasons.  *Lea,* 360 F.3d at 403; *see also United States* v. *Luciano*, 108 F.3d 1370,

1997 WL 120567, at *2, n.1 (2d Cir. 1997) (unpublished) (noting that "'purely personal circumstances' do not constitute exceptional reasons"). It is only "in combination with other factors, [that] family circumstances may warrant release pending sentencing pursuant to § 3145(c)." *Lippold*, 175 F. Supp. 2d at 540. "Hardships that commonly result from imprisonment do not meet the standard." *United States* v. *Garcia*, 340 F.3d 1013, 1022 (9th Cir. 2003).

    **B. Discussion**

The circumstances set forth the Motion are not "exceptional" within the meaning of the statute, and therefore, remand is appropriate. Indeed, the considerations described in the Motion are precisely the kind of "purely personal" reasons that are insufficient to avoid application of the remand statute.

The defendant cites his need for substance abuse and mental health treatment as well as medical care for sleep apnea and ulcerative colitis as the "exceptional reasons" that warrant his release pending sentencing. Courts in this district have routinely found these types of considerations, without more, to be "similar in gravity to those presented whenever a defendant's detention is at issue" and have rejected them. *United States* v. *Perez*, No. 97 Cr. 48 (AHN), 1998 WL 386484, at *1 (D. Conn. June 10, 1998) ("learning disability, mental condition and need for treatment, the potential custody issues involving his children, and his employment record" not exceptional); *United States* v. *Bonczek*, No. 08 Cr. 361 (PAC), 2009 WL 2924220, at *3-4 (S.D.N.Y. Sept. 8, 2009) (care for ill partner and fear of losing home while incarcerated not exceptional); *Lippold*, 175 F. Supp. 2d at 540 (father's financial support of three children and care for seven-month-old with Bell's Palsy not exceptional) (collecting cases). Rather, courts have found personal circumstances in combination with other factors exceptional. *See*, *e.g.*, *United States* v. *Rentas*, 09 Cr. 555 (HB), 2009 WL 3444943, at *1-2 (S.D.N.Y. Oct. 26, 2009) (releasing on bail a single mother, whose participation in narcotics conspiracy lasted one week and who financially supported daughter with "series of maladies" until out-of-state grandparents arrive to provide care); *United States* v. *Sabhnani*, 529 F. Supp. 2d 377, 382-83 (E.D.N.Y. 2007) (wife remanded and husband released pending sentencing where husband was solely responsible for operating a business with various employees dependent on their salaries and benefits and couple had a child still in school). The cases cited by the defendant do not undermine these principles. *United States* v. *Castillo*, No. 16 Cr. 304 (KPF) (S.D.N.Y. May 26, 2017) (exceptional circumstances where defendant provided crucial financial support to his parents and six siblings and emotional support to younger siblings whose brother was recently murdered); *United States* v. *Reboux*, 06 Cr. 451, 2007 WL4409801, at *2 (N.D.N.Y. Dec. 14, 2007) (exceptional circumstances where defendant was "unusually cooperative with authorities"). In light of this authority, the defendant has failed to show exceptional circumstances warranting his continued release on bail.

Furthermore, the Government respectfully submits—as it has argued in previous bail proceedings in this case—that the defendant has not shown and cannot show by clear and convincing evidence that he is not likely to pose a danger to the community, and therefore has not satisfied the requirements of Section 3143(a)(1). The defendant is a trained medical doctor who—on October 22, 2016—sold fentanyl to a Manhattan man who died as a result of using that drug. At the time he sold this lethal dose of fentanyl to the victim, the defendant was enrolled as a

graduate student in public health at a university in Manhattan. The defendant had over 10 grams of fentanyl on his person when he was arrested on the university campus on February 27, 2017, and several months later, over 160 grams of fentanyl was recovered from his university dorm room.

      In light of the seriousness of the offense conduct and the legal authority set forth above, the Government respectfully submits that the defendant has failed to demonstrate exceptional circumstances justifying continued pretrial release and is a danger to the community who should be detained.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

cc: Jeffery Greco, Esq.
    Bradley Henry, Esq.

By: _____
Karin Portlock
Assistant United States Attorney
(212) 637-1589